**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jack Combs,

Plaintiff,

v.

R.R. Donnelley & Sons Company,
d/b/a Parcel Shippers Express, Inc.,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1760 ADM/AJB

---

Patrick M. Connor, Esq., Connor, Satre & Schaff, LLP, Minneapolis, MN, appeared for and on behalf of Plaintiff.

Thomas J. Conley, Esq., Leonard, Street and Deinard, PA, Minneapolis, MN, appeared for and on behalf of Defendant.

---

## I. INTRODUCTION

Defendant R.R. Donnelley & Sons Company, d/b/a Parcel Shippers Express, Inc. ("Defendant"), moves for Summary Judgment [Docket No. 11] under Federal Rule of Civil Procedure 56. For the reasons set forth below, the Summary Judgment Motion is granted.

## II. BACKGROUND

Defendant, a trucking company, hired Plaintiff Jack Combs ("Plaintiff") as an "over the road" driver in February 1998. On December 31, 2001, Defendant laid off all of its over the road drivers; its current driving employees are all "local drivers." Walker Dep. at 26-28, 32-33. While on the job, Plaintiff carried a tape recorder with him. Joel Walker ("Walker") was a dispatcher for Defendant during Plaintiff's employment. Walker noted once in 1998 and several times in 2001 that Plaintiff either failed to call in to dispatch, failed to pick up his loads on time,

FILED 5·12·03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 5·12·03
DEPUTY CLERK

or failed to deliver his loads on time. Walker Dep. at 53, Ex. 3; Combs Dep. at 119-20.

In late June 2001, Walker informed Plaintiff that he was to drive a dump truck the following week. Plaintiff was concerned about his ability to safely operate a dump truck and about the hourly rate of pay for this work. Combs Dep. at 159-60, Ex. 20. On Monday, June 25, 2001, Plaintiff refused to drive the dump truck. Walker Dep. at 69. Plaintiff at his deposition testified that he told Walker he "didn't feel safe or comfortable" driving a dump truck. Combs Dep. at 161-62. Plaintiff admits he did not tell Walker he believed driving the dump truck would violate any law or regulation. Id. at 167. Walker told Plaintiff he was "tired of [his] attitude" and to "clean [his] truck out." Id. at 70-71. Plaintiff understood this to mean that he was fired. Id. at 160, 167. Walker told Plaintiff that he could spend the night at a hotel frequented by Defendant's truckers at Defendant's expense. Walker Dep. at 73-74. Plaintiff spent the night of June 26th at the Super 8 Motel in Roseville, Minnesota, and the next day went to Defendant's human resources personnel thinking perhaps he was not actually fired. Id. at 73, 167, 206-07. On Tuesday, June 26, 2001, human resources confirmed to Plaintiff that he was fired. Combs Dep. at 167. Walker asserts that he fired Plaintiff because of his attitude and history of late pick-ups and deliveries. Walker Dep. at 60-61.

When Defendant received the bill from the hotel, it did not indicate that Plaintiff's stay had been authorized. Dispatcher Shawn Kuhn ("Kuhn") testified that he asked Walker whether or not there was authorization for the motel room, and that Walker told him "he didn't give him a room." Kuhn Dep. at 58. Kuhn then revised Plaintiff's Termination Record form to indicate as an additional reason for termination "Unauthorized Use of Company Funds." Walker Dep. Ex. 7. Walker learned of the inclusion of this ground for termination in July 2002, at which time he

arranged to have the Termination Record form properly amended to omit the "Unauthorized Use of Company Funds" designation. Malecek Aff. ¶ 9, Ex. C. On July 22, 2002, the form was amended. Id. There is no evidence that DAC Services, the clearinghouse for information on truck drivers to whom Termination Records are sent, ever transmitted the form including the "Unauthorized Use" designation to any third party, and no requests for information on Plaintiff have been received by DAC Services since his termination by Defendant. Fitts Aff. ¶ 2, Ex. A.

Plaintiff alleges a whistleblower claim for retaliation and defamation.

## III. DISCUSSION

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Further, "the mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment . . . . Instead, 'the dispute must be outcome determinative under prevailing law.'" Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992) (citation omitted).

**A. Retaliation**

Under Title VII and the Minnesota Human Rights Act ("MHRA,") it is an unfair employment practice to discriminate against an employee because he has opposed any practice made unlawful by applicable statutes. 42 U.S.C. § 2000e-3; Minn. Stat. § 363.03 Subd. 7. Both statutes are comparable in effect and therefore analyzed under Title VII case law. Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 574 (8th Cir. 1997); Sigurdson v. Isanti County, 386 N.W.2d 715, 719 (Minn. 1986). To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action. Sowell v. Alumina Ceramics, Inc., 251 F.3d 678, 684 (8th Cir. 2001). "The requisite causal connection may be proved circumstantially by proof that the discharge followed the protected activity so closely in time as to justify an inference of retaliatory motive." Rath v. Selection Research, Inc., 978 F.2d 1087, 1090 (8th Cir. 1992).

Plaintiff asserts that he refused to drive the dump truck because driving it would have been an action made unlawful by the requirement of Department of Transportation ("DOT") Regulation § 391.11, "General qualifications of drivers," which provides a commercial motor vehicle operator to be qualified to drive the vehicle by reason of experience or training or to have successfully completed a driver's road test. DOT Regulation §§ 392.11(a), (b)(3), (b)(8), 391.13(a), (b), 383.111 (Subpart G–Required Knowledge and Skills). Plaintiff alleges that he did not have the requisite experience and training to drive the dump truck, and therefore his refusal to drive it was protected activity in accordance with the law.

Under Minnesota's whistleblower statute, an employee refusing to perform an action

must have "an objective basis in fact to believe" the action violates a state or federal law, rule or regulation adopted pursuant to law. Minn. Stat. § 181.932(1)(c) (2002). The employee must also have informed the employer "that the order is being refused for that reason . . . ." Id.

The Court need not address whether or not Plaintiff's driving the dump truck would qualify as protected conduct because the facts of record establish that Plaintiff did not inform Defendant he was refusing to drive the dump truck because he believed it was unlawful for him to do so. Plaintiff testified that he told Walker that he did not want to drive the dump truck because he "didn't feel safe or comfortable." Combs Dep. at 161-62. The concern communicated by Plaintiff to Defendant speaks to his self-assessment of his ability to drive the dump truck, not to the legality of his operating the dump truck. Plaintiff's identification of the relevant statute only after his termination is insufficient to meet the requirements of § 181.932(1)(c). Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1119-20 (8th Cir. 1997). Accordingly, Plaintiff fails to establish a prima facie case of retaliation.

Assuming Plaintiff were to establish a prima facie case of retaliation, Defendant asserts as a non-discriminatory reason for firing him, Plaintiff's multiple documented late pick-ups and deliveries prior to his termination. See Smith v. Ashland, Inc., 250 F.3d 1167, 1174 (8th Cir. 2001) (holding that an employer's documentation of problems with an employee prior to the employee's complaint undercuts an inference of retaliation based on temporal proximity). Plaintiff presents no rebuttal evidence of pretext. Summary judgment is granted on Plaintiff's whistleblower retaliation claim.

**B. Defamation**

The elements of a common law defamation action are well settled. In order for a

statement to be considered defamatory "it must be communicated to someone other than the plaintiff, it must be false, and it must tend to harm the plaintiff's reputation and to lower him in the estimation of the community." Stuempges v. Parke, Davis & Co., 297 N.W.2d 252, 255 (Minn. 1980). A defamation claim must be pled with specificity. Thompson v. Campbell, 845 F. Supp. 655, 679 (D. Minn. 1994). Plaintiff alleges the Termination Record form including the "Unauthorized Use of Company Funds" designation which was sent to DAC Services constitutes defamation. Walker Dep. Ex. 7. Defendant asserts its statement in the form is protected by a qualified privilege.

To be privileged, "a statement must be made upon a proper occasion, from a proper motive, and based upon reasonable or probable cause." Hunt v. University of Minn., 465 N.W.2d 88, 92 (Minn. Ct. App. 1991). Whether or not a qualified privilege exists is a question of law. Id. "Qualified privileges are recognized because 'statements made in particular contexts or on certain occasions should be encouraged despite the risk that the statements might be defamatory.'" Id. (internal citation omitted). "Employment references are conditionally privileged because the public interest is best served by encouraging accurate assessments of an employee's performance." Id. (internal citation omitted). Here, Defendant's statement was made in the context of his termination, as a matter of Defendant's normal business practice, and thus was made in a proper context. Accordingly, the Termination Record is subject to a qualified privilege.

A plaintiff must prove common law malice to overcome a conditional privilege. Id. "Common law malice is 'actual ill will, or intent to causelessly and wantonly injure the plaintiff.'" Id. (internal citation omitted). Plaintiff has presented no evidence of malice here.

The evidence establishes that Kuhn made a mistake because he believed Plaintiff's stay at the hotel was unauthorized after taking a step to investigate the authorization question. See Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 380-81 (Minn. 1990). The error was corrected as soon as Walker discovered it. Importantly, Plaintiff presents no evidence of harm resulting from the temporarily incorrect form. Summary judgment on Plaintiff's defamation claim is granted.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 11] is **GRANTED**. Plaintiff's Amended Complaint [Docket No. 8] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: May 12, 2003