01-cv-1760 ADM/AJB

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-2565

| | | |
|---|---|---|
| Jack Combs, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| R. R. Donnelley & Sons Company, | * | |
| doing business as Parcel Shippers | * | [UNPUBLISHED] |
| Express, Inc., | * | |
| | * | |
| Appellee. | * | |

Submitted: May 10, 2004

Filed: May 17, 2004

Before MURPHY and FAGG, Circuit Judges, and GOLDBERG,* Judge of the United States Court of International Trade.

PER CURIAM.

Jack Combs worked as a truck driver for R.R. Donnelley & Sons Company. In June 2001, the dispatcher informed Combs he would be operating a dump truck the next week. Combs refused, stating he did not feel comfortable doing so, and the

*The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

SCANNED
U.S. DISTRICT COURT MPLS

dispatcher terminated him, stating he was "tired of his attitude." The dispatcher also claimed he fired Combs because he had a history of late deliveries. Combs brought this lawsuit against R.R. Donnelley for retaliation, stating he was fired for refusing to violate a regulation that required him to have experience and training he lacked. Combs also brought a defamation claim based on the filing of a termination form temporarily containing an incorrect statement that Combs had engaged in unauthorized use of company funds.

The district court** granted summary judgment for R.R. Donnelley concluding Combs failed to establish a prima facie case of retaliation. The court found it was undisputed that Combs did not inform the dispatcher he did not want to drive the dump truck because he would be violating a regulation, and thus, Combs failed to generate a genuine issue of material fact on whether his protected activity caused his termination. See Kunferman v. Ford Motor Co., 112 F.3d 962, 965 (8th Cir. 1997) (applying Minnesota law). Regarding the defamation claim, the court found no evidence of harm from the temporarily incorrect termination form.

On appeal, Combs argues there was a genuine issue of material fact on his retaliation claim because his statement to R.R. Donnelley that he would "call up [the] DOT" sufficiently articulates his good faith belief that his operation of the dump truck would violate federal DOT regulations. Viewing the statement in the light most favorable to Combs, we conclude the statement is too vague to put R.R. Donnelley on notice that Combs believed his operation of the dump truck violated the law. Thus, the district court properly granted summary judgment on Combs's retaliation claim.

---

**The Honorable Ann C. Montgomery, United States District Judge for the District of Minnesota.

Combs also contends the district court should not have granted summary judgment on his defamation claim. Combs argues the termination notice was not protected by a qualified privilege because R.R. Donnelley failed to conduct an investigation. We agree with the district court that Combs's defamation claim fails as a matter of law because he presented no evidence that the termination notice harmed his reputation or lowered him in the estimation of the community. See Kuechle v. Life's Companion P.C.A., 653 N.W.2d 314, 218 (Minn. Ct. App. 2002). Indeed, Combs does not argue otherwise.

We thus affirm the district court's grant of summary judgment to R.R. Donnelley.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans